UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**PPC BROADBAND, INC., d/b/a PPC,**

*Plaintiff*,

-vs-

**PERFECTVISION MANUFACTURING, INC.,**

*Defendant*.

---

Civil Action No.  5:13-CV-0134
(GTS/DEP)

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff PPC Broadband, Inc. d/b/a PPC ("PPC"), by its attorneys, Hiscock & Barclay, LLP, as and for its Complaint against the defendant, PerfectVision Manufacturing, Inc. ("PerfectVision"), alleges as follows:

### Nature of Action

1. This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeks relief arising out of, among other things, PerfectVision's infringement of U.S. Patent No. 8,366,481 (the "'481 Patent"), of which PPC is the owner by assignment, and which covers coaxial cable connectors sold by PPC. A true and correct copy of the '481 Patent is attached hereto as Exhibit A.

### Parties

2. PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

3. Upon information and belief, PerfectVision is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business at 3901 Progress Street, North Little Rock, Arkansas.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331, 1332, 1367 and 1338, and 35 U.S.C. § 281.

5. This Court has personal jurisdiction over PerfectVision, which, upon information and belief, regularly engages in business transactions and solicitations in the State of New York and within this District, contracts to supply goods and services within this District, and/or commits acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of the patent-in-suit. In addition, and upon information and belief, PerfectVision has committed one or more tortious acts within and/or without New York State and this District that caused injury to person or property within the State and this District, and expected or should have reasonably expected those acts to have consequences in the State and this District, and it is believed that PerfectVision derives substantial revenue from interstate or international commerce.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or PerfectVision is subject to personal jurisdiction in this District.

**Factual Allegations**

**The Industry**

7. PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

8. PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

9. Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, set-top boxes, and broadband modems.

10. PPC's cable connectors are used indoors and outdoors to connect cables from external sources (*e.g.*, a utility pole) to end-user electronic devices.

11. Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

**The Parties' Relationship**

12. For many years, PerfectVision has distributed certain PPC coaxial cable connector products to various customers.

13. Starting in 2011, the parties explored new ways to partner to sell certain of PPC's coaxial cable connectors to certain of PerfectVision's customers. As part of the effort, the parties conducted meetings at PPC's East Syracuse facility. The effort lasted until about September 2012, at which time PerfectVision ended the relationship.

14. During that period, PPC did not actively pursue certain customers directly based on its understanding that the parties were working in good faith on a partnership agreement with respect to those customers. This understanding was based upon representations made by

PerfectVision, and caused PPC to forego certain sales opportunities that it otherwise would have been able to purse.

15. PPC also provided PerfectVision with certain technical and strategic information concerning various customers and the market for certain types of coaxial cable connectors. That information was derived though the significant investment of time and resources by PPC. As part of this, PerfectVision employees were shown PPC product demonstrations, technical data, and given access to PPC's testing facility in East Syracuse, New York.

16. However, upon information and belief, PerfectVision never actually intended to enter into such an agreement with PPC. Instead, upon information and belief, PerfectVision was simply using the discussions with PPC as a stalling tactic to hold PPC at bay so that PerfectVision would have enough time to develop a new competitive connector, what it is now calling its SignaLoc connector.

17. PPC relied to its detriment that PerfectVision was acting in good faith. Instead, PerfectVision's misleading and deceptive conduct injured PPC by causing it to lose out on sales opportunities. PerfectVision's misconduct also gave it an unfair competitive advantage with certain customers that it would not otherwise have had but for the misconduct.

18. In addition, and upon information and belief, PerfectVision has used misappropriated and misused the technical and strategic information shared by PPC to compete directly against PPC in the marketplace. This misconduct has caused injury to PPC.

### The ' 481 Patent

19. On March 30, 2011, PPC filed a patent application on the invention of Trevor Ehret, Richard Haube, Noah Montena, and Souheil Zraik U.S. Patent Application Serial No. 13/075,406 (the "'406 Application"), entitled "Continuity Maintaining Biasing Member".

20. On February 5, 2013, the '406 Application resulted in the issuance of the '481 Patent. The '481 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '481 Patent.

21. PPC has not licensed PerfectVision to practice the '481 Patent and PerfectVision has no right or authority to license others to practice the '481 Patent.

22. PerfectVision has actual notice of its infringement of the '481 Patent at least as a result of the commencement of this action.

## Count I
### (*Infringement of the '481 Patent*)

23. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 22 above as if they were stated in full herein.

24. PerfectVision has infringed at least one claim of the '481 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, PerfectVision's SignaLoc series connectors that bear model numbers such as PV6SL and/or PV6UC.

25. PerfectVision's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of good will.

26. Upon information and belief, PerfectVision's unlawful infringing activity will continue unless and until PerfectVision is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

27. PerfectVision's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

## Count II
### (*Negligent Misrepresentation*)

28. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 27 above as if they were stated in full herein.

29. Due to the special relationship formed between the parties, PerfectVision had a duty to give PPC correct information regarding its efforts and intentions with respect to certain customers.

30. PerfectVision's representations were false.

31. PerfectVision knew or should have known that its representations to PPC were incorrect.

32. PPC relied on PerfectVision's representations.

33. PPC's reliance on PerfectVision's representations was reasonable, and it suffered resultant damages in the form of lost business and lost opportunities.

## Count III
### (*Unfair Competition*)

34. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 33 above as if they were stated in full herein.

35. Through its actions PerfectVision has, in bad faith, misappropriated PPC's labors and expenditures, and has otherwise engaged in unfair competition with PPC.

36. PPC has suffered damages as a result of PerfectVision's actions in the form of lost business and lost opportunities.

## Count IV
### (*Statutory Violations - Deceptive Acts or Practices*)

37. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 36 above as if they were stated in full herein.

38. The acts of PerfectVision set forth above constitute unfair and deceptive business practices that occurred primarily and substantially in New York State. PPC has suffered damages as a result of PerfectVision's actions, entitling PPC to treble damages and attorneys' fees and costs pursuant to Section 349 of the New York General Business Law in an amount to be determined at trial.

### Jury Demand

PPC demands a trial by jury on all issues so triable.

### Request For Relief

**WHEREFORE**, PPC urges the Court to grant the following relief:

A. Entry of judgment that PerfectVision has infringed the '481 Patent;

B. Entry of judgment that preliminarily and/or permanently enjoins PerfectVision and its representatives, assigns or successors, or any subsidiaries, parents, divisions, agents, servants, employees thereof, and/or those in privity with PerfectVision from infringing, contributing to the infringement of, and inducing the infringement of the '481 Patent;

C. Entry of judgment for compensatory damages for patent infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

D. A determination that PerfectVision's acts of infringement of the '481 Patent have been willful and an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

E. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that PPC be awarded its reasonable attorneys' fees and costs;

F. Entry of judgment for compensatory damages for PerfectVision's negligent misrepresentation;

G. Entry of judgment for compensatory damages for PerfectVision's unfair competition;

H. Entry of judgment for compensatory and/treble damages for PerfectVision's violation of Section 349 of New York's General Business Law;

  I. An award of interest on any judgment rendered in this action;

  J. An award of its attorneys' fees and costs in this action; and

  K. Such other and further relief as is just and proper.

Date:  February 5, 2013       **HISCOCK & BARCLAY, LLP**

             By:   s/Douglas J. Nash
               Douglas J. Nash (511889)
               John D. Cook (511491)
               Jason C. Halpin (516562)

             Office and Post Office Address
             One Park Place
             300 South State Street
             Syracuse, New York 13202
             Telephone:   (315) 425-2700
             Facsimile:   (315) 425-2701

             *Attorneys for Plaintiff*
             PPC Broadband, Inc., d/b/a PPC

- 9 -

## **CERTIFICATE OF SERVICE**

      I certify that on February 5, 2013, a copy of PPC's Complaint and accompanying exhibit were filed with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

                                                                         s/Jason C. Halpin
                                                                          Jason C. Halpin