UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PPC BROADBAND, INC., d/b/a PPC,

                            Plaintiff,

v.                                                         5:13-CV-0134
                                                           (GTS/DEP)
PERFECTVISION MFG., INC.,

                            Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

HISCOCK & BARCLAY, LLP                    DOUGLAS J. NASH, ESQ.
  Counsel for Plaintiff                          JASON C. HALPIN, ESQ.
One Park Place                                   JOHN D. COOK, ESQ.
300 South State Street
Syracuse, NY 13202

CARMODY & TORRANCE, LLP               JOHN R. HORVACK, Jr., ESQ.
  Counsel for Defendant
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this patent infringement action filed by PPC Broadband,

Inc., d/b/a/ PPC ("PPC") against PerfectVision Manufacturing, Inc. ("PerfectVision"), is

PerfectVision's motion to dismiss, or in the alternative, to transfer venue to the Eastern District

of Arkansas and/or stay this action pending a decision by the Eastern District of Arkansas

regarding proper venue.  (*See* Dkt. No. 8.)  For the reasons set forth below, PerfectVision's

motion to dismiss is granted.  PerfectVision's alternative motion to transfer venue and/or stay

this action is denied as moot.

I.      **RELEVANT BACKGROUND**

A.      **PPC's Claims**

PPC filed its Complaint in this action on February 5, 2013. (Dkt. No. 1.) Generally, liberally construed, the Complaint alleges that on February 5, 2013, PPC was awarded United States Patent No. 8,366,481 (" the '481 patent") describing its Continuity Maintaining Biasing Member, which covers coaxial cable connectors sold by PPC. (*Id.*) The Complaint further alleges that, by "making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, [PerfectVision's] SignaLoc series connectors[,]" PerfectVision has and will continue to infringe at least one claim of the '481 patent within the meaning of 35 U.S.C. § 271. (*Id.*)

In addition to its federal patent infringement claim against PerfectVision, PPC asserts three New York common law tort claims related to the alleged false representation, misappropriation of PPC's labors and expenditures, and deceptive business practices by PerfectVision stemming from dealings between the parties in or about 2011 through September 2012. (*Id.*)

B.      **PerfectVision's Declaratory Action in the Eastern District of Arkansas**

On October 4, 2012, PerfectVision commenced an action in the Eastern District of Arkansas seeking a declaration that its manufacture, use, sale, offer for sale and/or importation into the United States of the SignaLoc connector does not infringe any valid or enforceable claim of five of PPC's patents. PPC subsequently filed a motion to dismiss the Arkansas action for lack of subject matter jurisdiction. In the alternative, PPC sought transfer of the Arkansas action to this Court. While PPC's motion was pending, PerfectVision filed its first motion to amend the

complaint to seek a declaration that its SignaLoc connector does not infringe four additional of PPC's existing patents as well as a fifth patent, which was expected to issue in a short time.  The fifth patent eventually became the '481 patent.  At 12:01 a.m. Eastern Standard Time on February 5, 2013, PerfectVision filed a second motion to further amend its complaint to seek a declaration that its SignaLoc connector does not infringe the '481 patent.

### C.    PerfectVision's Motion

On February 27, 2013, PerfectVision filed a motion to dismiss this action pursuant to the first-to-file rule, or alternatively, a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) or for a stay.  (Dkt. No. 8.)  Generally, in support of its motion, PerfectVision argues as follows: (1) pursuant to the first-to-file rule, this second-filed action should be dismissed; (2) there are no special circumstances that warrant departure from the first-to-file rule; (3) none of the factors set forth by Federal Circuit Court of Appeals' precedent justify deviating from the first-to-file rule; (4) in the alternative, this Court should exercise its discretion to transfer this action to the Eastern District of Arkansas; and (5) in the alternative, this Court should stay this action until the Arkansas Court has made a venue determination.  (Dkt. No. 8, at 8-22 [Def's. Mem. of Law].)

Generally, in its response, PPC argues as follows:  (1) PerfectVision's motion should be denied under the first-to-file rule because (a) the Arkansas Court lacks subject matter jurisdiction over the original complaint and (b) the '481 patent is not related to the patents that were the subject of the original complaint in the Arkansas action and (2) transfer is not warranted under 28 U.S.C. § 1404(a).  (Dkt. No. 10, at 6-24 [Pl's Mem. of Law].)

Generally, in its reply, PerfectVision argues as follows: (1) the Arkansas Court has subject matter jurisdiction; (2) the case pending in Arkansas is the first filed; (3) relation-back

principles mandate transfer to Arkansas; and (4) if this action is not dismissed, it should be transferred to the Eastern District of Arkansas.  (Dkt. No. 11, at 1-10 [Def.'s Reply Mem. of Law].)

### D.    Opinion and Order Disposing of Motions in the Arkansas Action

On June 10, 2013, Honorable J. Leon Holmes, United States District Judge, issued an Opinion and Order denying PPC's motion to dismiss the Arkansas action for lack of subject matter jurisdiction under the Declaratory Judgment Act, denying PPC's motion to transfer venue to this Court, granting PerfectVision's motions to amend the complaint to seek a declaration of non-infringement regarding several additional of PPC's patents, including the '481 patent, and denying an additional motion by PPC to enjoin PerfectVision's action in this Court.  (*See PerfectVision Mfg., Inc. v. PPC Broadband, Inc.*, No. 12-CV-0623, 2013 U.S. Dist. LEXIS 81011 (E.D. Ark. June 10, 2013)).

## II.    ANALYSIS

PPC's patent infringement claim should be dismissed under the first-to-file rule, generally for the reasons stated in PerfectVision's memorandum of law in chief and its reply memorandum of law.  (*See* Dkt. No. 8-1, at 8-17 [Def.'s Mem. of Law]; Dkt. No. 11, at 3-7 [Def.'s Reply Mem. of Law].)  The Court would add the following analysis.

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citing, *inter alia*, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir.1993) (abrogated on other grounds by

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995)).  "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied —'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Merial Ltd.*, 681 F.3d at 1299 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84, 72 S. Ct. 219 (1952)).  The considerations affecting dismissal in favor of the forum of the first-filed action are the same whether or not the first-filed action is a declaratory action. *See Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010) (citing *Genentech*, 998 F.2d at 937).  One factor that a court may consider when ruling on a motion to dismiss under the first-to-file rule is whether a party intended to preempt another's suit.  *See Electronics for Imaging*, 394 F.3d at 1347 (citing *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995)).  Additional factors include "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest."  *Id.* (quoting *Genentech*, 998 F.2d at 938).

Exceptions to the general rule favoring the forum of the first-filed action are not rare, but "[t]here must ... be sound reason that would make it unjust or inefficient to continue the first-filed action."  *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 937-38).  Courts have found that exceptions, or "special circumstances" justifying departure from the general rule may arise in one of two situations:  (1) where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods;

5

and (2) where forum shopping alone motivated the choice of site for the first suit.  *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (2d Cir. 1989).  *See also Genentech*, 998 F.2d at 937.

Here, PPC's arguments against dismissal of this action based on the first-to-file rule rely on two assumptions that have been foreclosed by the recent opinion of the Arkansas Court. First, PPC argues that the Arkansas Court lacks subject matter jurisdiction over PerfectVision's original complaint, and consequently lacks subject matter jurisdiction to decide PerfectVision's motion to amend the original complaint to seek a declaration of non-infringement regarding the '481 patent.  Alternatively, PPC argues, even if the Arkansas Court has jurisdiction over the original complaint, PerfectVision's proposed amended complaint does not relate back to the original complaint because the '481 patent is not related to the patents that were the subject of the original complaint.  (*See* Dkt. No. 10, at 6-13 [Pl.'s Opp'n Mem. of Law].)  In a very thorough and well reasoned opinion, Judge Holmes denied Defendant's motion to dismiss the Arkansas action for lack of subject matter jurisdiction.  *See PerfectVision Mfg.,* 2013 U.S. Dist. LEXIS 81011, at *8-23.  Moreover, in granting PerfectVision's motion to amend the complaint in that action to seek a declaration of non-infringement regarding the '481 patent, Judge Holmes rejected PPC's argument that the action in this District is the first-filed, concluding, after a thorough and well reasoned analysis (with which this Court concurs and adopts here) that the second amended complaint relates back to the filing of the original complaint.  *See id.*, at *23-28.

Having established that the pending action between the parties in this Court is the second-filed action, the Court concludes, for the following reasons, that there is no justification for departure from the first-to-file rule.

6

None of the factors to be considered regarding application of the first-to-file rule weigh in favor of departure from the rule.  First there is no reason to conclude that PerfectVision intended to preempt PPC's infringement action by filing its motion to amend its complaint in the Arkansas action.  PerfectVision commenced the Arkansas action on October 4, 2012, and immediately sought to amend its complaint to seek a declaration of non-infringement regarding the '481 patent as soon as the '481 patent issued four months later.  Second, to the extent PPC argues that there is a possibility of consolidation of this action with its related action against PCT International in this Court, it is incorrect.  (*See PPC Broadband, Inc. v. PCT International, Inc.*, No. 5:13-CV-135.)  While the related action also involves a claim of infringement of the '481 patent, there is no identity of parties between the two actions, and the alleged infringing device in the action against PCT International is distinct from the device that is the subject of this action.  Consequently, consolidation of PPC's related action against PCT International with this action is not likely.  Third, the remaining considerations mirror some of those factors that Judge Holmes necessary considered when denying PPC's motion to transfer venue to this Court.  *See PerfectVision Mfg.,* 2013 U.S. Dist. LEXIS 81011, at *28-36.  In fact, Judge Holmes specifically noted that PPC conceded that it cannot meet its burden to show that the Northern District of New York is a more convenient forum.

Moreover, neither of the exceptions to the general rule apply here to justify favoring this second-filed action.  First, it is clear that the "customer suit" exception does not apply.  Next, regarding the forum shopping exception, there is nothing to suggest that PerfectVision, an Arkansas corporation that was  founded in Little Rock in 1979, was forum shopping when it filed its action in the Eastern District of Arkansas.  PerfectVision asserts that it filed its declaratory

judgment action in that District because that is where the accused product is sold and where its witnesses and documents are located.  Because PerfectVision's proffered reason for its choice of forum is not wholly frivolous, PPC cannot establish that the forum shopping exception exists here.  *See William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

Finally, the central issue in this action is whether PerfectVision's SignaLoc product infringes PPC's '481 patent, an issue which will necessarily be decided by the Arkansas Court. Toward that end, the same underlying factual and legal issues must be resolved.  In concluding that PPC's patent infringement claim against PerfectVision should be dismissed under the first-to-file rule, this Court is mindful of the Supreme Court's emphasis on "the importance of conservation of judicial resources and the comprehensive disposition of litigation."  *Genentech*, 998 F.2d at 938 (citing *Kerotest*, 342 U.S. at 183, 72 S. Ct. 221).  Accordingly, where, as here, a "declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action."  *Genentech*, 998 F.2d at 938.

For these reasons, PerfectVision's motion to dismiss PPC's patent infringement claim is granted.  PPC may assert its patent infringement claim against PerfectVision in its responsive pleading in the Eastern District of Arkansas action.

Because PerfectVision's motion to dismiss is granted, its motion to transfer venue or for a stay is denied at moot.  Having dismissed the only claim over which the Court had original jurisdiction, the Court declines to retain supplemental jurisdiction of PPC's state law claims.  *See Cornue v. Welch-Allyn Inc.*, No. 10-CV-1239, 2011 WL 5245414, at *4 (N.D.N.Y. Nov. 2, 2011)

("a district court may decline to exercise supplemental jurisdiction where the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3)."). Accordingly, PPC's New York common law claims for negligent misrepresentation, unfair competition and deceptive acts or practices are dismissed without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that the motion to dismiss, transfer and/or stay by Defendant, PerfectVision Manufacturing, Inc. (Dkt. No. 8) is **GRANTED** **in part and** **DENIED** **in part**; and it is further

**ORDERED** that Defendant's motion to dismiss is **GRANTED** and Plaintiff, PPC's patent infringement claim is **DISMISSED**; and it is further

**ORDERED** that Plaintiff, PPC's New York common law claims for negligent misrepresentation, unfair competition and deceptive acts or practices are **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendant, PerfectVision Manufacturing, Inc.'s motion to transfer venue and/or for a stay is **DENIED** as moot.

The Clerk of the Court is directed to enter judgment and close this case.

Dated: June 25, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge